CLEO CANTRELL, Appellant, *v*. PETE LUGASKI,
as City Marshal of the City of Fallon, Nevada,
Respondent.

No. 4023

January 14, 1958.                    320 P.2d 423.

(Rehearing denied February 5, 1958.)

*Stewart & Horton,* of Fallon, for Appellant.

*Diehl & Recanzone,* of Fallon, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an appeal from an order of the First Judicial District Court of the State of Nevada, denying a petition for a writ of mandate and vacating the alternative writ.

Appellant's petition in the court below sought a writ compelling the respondent Pete Lugaski, as city marshal of Fallon, to issue what is known as an employment certificate authorizing the petitioner to obtain employment as a dealer of gambling games and as a bartender. Pursuant to the provisions of Fallon's city ordinance No. 214 the marshal had investigated petitioner's legal qualifications and had refused the employment certificate upon the ground that petitioner did not possess good moral character. In the proceedings below petitioner contended that he did possess good moral character and that the marshal, therefore, had acted arbitrarily in refusing the certificate. Following hearing, the court below denied the writ and this appeal was taken. Petitioner here contends that the court below erred in admitting evidence of certain criminal convictions and

arrests as material and competent evidence upon the issue of petitioner's moral character.

The ordinance in question provides as follows: Sec. 1 is devoted mainly to definitions. Appellant comes within the definition of employees of gambling houses and within the definition of employees of other establishments where alcoholic beverages are sold at retail for consumption on the premises.

Sec. 2 declares the policy of the ordinance to the end that gambling establishments and establishments where alcoholic beverages are sold, be licensed and controlled so as to better protect the public health, safety, morals, good order and general welfare of the inhabitants of the city. To such end the city marshal is ordered to investigate into the legal qualifications of the applicants for licenses and applicants for employment certificates. The following persons are declared to be not qualified or satisfactory to be granted an employment certificate:

(a) A person who shall have been convicted within the past five years: 1. Of a felony or of any crime which under the laws of this state would amount to a felony. 2. In this state or elsewhere, of any crime of which fraud or intent to defraud was an element. 3. Of larceny in any degree. 4. Of buying or receiving stolen property. 5. Of unlawful entry of a building. 6. Of unlawfully possessing or distributing narcotic drugs. 7. Of illegally using, carrying or possessing a pistol or other dangerous weapon.

(b) A person under the age of twenty-one years.

(c) A person who does not possess a good moral character.

In the proceeding below petitioner tendered proof of good moral character. He was then extensively cross-examined with references to brushes with the law. Over the objections of his attorney he admitted that from 1936 through January 1955 he had been arrested on 12 occasions. In two instances he had been convicted of the crime for which he had been arrested, in one case serving a sentence and in the other receiving suspended sentence. As to a third arrest he forfeited bail. As to the

remaining instances the disposition does not appear from his testimony. In some instances he was not asked as to the disposition. In others he was asked, but did not recall. Two arrests were directly involved with gambling activities. In one case the arrest was for unlawful possession of equipment for making gambling chips. Petitioner admitted possession of the equipment but denied its illegality, although the equipment had been impounded and never returned to him. In the second case he was charged with possessing cheating devices. His explanation appears to admit possession. When asked if he was not arrested for possessing equipment for "slugging" slot machines he stated, "They called it a cheating device but it was not for slugging slot machines." In five remaining cases, while admitting the fact of arrest, he could not recall the crime with which he had been charged. The arrests occurred in various cities in Nevada, California, Utah, Colorado, Washington and Idaho, after a brief residence in each of such cities.

There was no redirect examination. No explanation of the arrests or of their outcome was given by the petitioner.

Petitioner first contends that under the provisions of Sec. 2(a) of the Fallon ordinance no evidence of criminal activity is material save evidence of convictions within the preceding five years of the crimes there specified; that for this reason the testimony of the petitioner with reference to criminal conviction and arrest was erroneously admitted. In many instances the arrests he admitted occurred more than five years prior to the date of his application and did not deal with crimes of the character specified in Sec. 2(a).

The fact that the ordinance has specified certain criminal convictions within the period of five years as disqualification does not render other evidence of crime or criminal activity immaterial to the issue of the applicant's moral character. Such other criminal matters simply do not conclusively result in disqualification. Clearly they must, however, be held to bear upon the

issue of moral character and thus be relevant considerations upon that question.

Petitioner next contends that evidence of arrests not shown to have culminated in convictions is inadmissible upon the issue of moral character since such arrests amount to no more than unestablished assertions of guilt and are as consistent with the fact of innocence as with guilt.

Upon this proposition, authority is remarkably scant. Petitioner first refers us to comment of Professor Wigmore upon the admissibility of evidence of arrests for purposes of testimonial impeachment. 3 Wigmore on Evidence, 3d Ed. 545, sec. 980a. Cases of testimonial impeachment are clearly distinguishable from the case at bar, however. In cases of impeachment the character of the witness sought to be impeached is a collateral issue which cannot be permitted to be pursued to the point where confusion results. Limits upon the use of extrinsic evidence for purposes of impeachment are, therefore, necessary as a matter of policy. Furthermore, in the ordinary case of impeachment rebuttal of the accusations of misconduct is not available to the witness so accused. In the case at bar the sole issue before the court was that of the petitioner's moral character. The fact of misconduct was clearly pertinent. Rebuttal of accusations of misconduct was available to the petitioner.

The only court decision upon this question which has been cited to us is the recent case of Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796. On certiorari to the Supreme Court of New Mexico, the Supreme Court of the United States reversed the state court in its determination that an applicant for the bar had failed to show good moral character. Among the state court's considerations was the fact of three arrests, none of which had culminated in indictment or conviction.

The supreme court did not hold evidence of the arrests inadmissible, however. It held them to be of "very little, if any, probative value in showing that [the applicant]

has engaged in any misconduct." It concluded that the arrests were "wholly insufficient to support a finding that Schware had bad moral character * * *." The court emphasized the fact that the arrests had been fully and persuasively explained by Schware in such a manner as to eliminate reflection upon his moral character.

However slight the probative value of the fact of arrest might be, where the issue is good moral character the fact is sufficient to demand explanation such as was given in the Schware case. The petitioner cannot be said to have met his burden by standing mute in the face of formal accusation of misconduct.

We conclude that it was not error to admit the evidence of arrests and that under the circumstances of this case the evidence of convictions and arrests was sufficient to support a determination that the applicant was not of good moral character.

Questions regarding the nature of the marshal's action, the nature of the lower court's consideration of that action or of the propriety of the remedy here sought in the light of such questions, have not been raised by the parties and this court has given no consideration to such questions.

Affirmed.

BADT, C. J., and MERRILL, J., concur.